UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ROBERT D. LURCH JR., Plaintiffs,

-v.-

CITY OF NEW YORK et al., Defendants.

---------------------------------------------------------------X

ORDER
25 Civ. 7416 (JLR) (GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

1. The above-referenced action has been referred to the undersigned for general pre-trial purposes. See 28 U.S.C. § 636(b)(1)(A). All pre-trial applications, including those relating to scheduling and discovery, shall be made to the undersigned (except motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification). All applications must comply with this Court's Individual Practices, which are available through the Clerk's Office or at: https://nysd.uscourts.gov/hon-gabriel-w-gorenstein

2. All discovery (as well as requests for admissions) must be initiated in time to be concluded by the deadline for all discovery as stated in the Civil Case Management Plan and Scheduling Order dated October 7, 2026 (Docket # 32)

3. Discovery motions -- that is, any application pursuant to Rules 26 through 37 or 45 -- not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such a motion arises. In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

4. Any application for an extension of the time limitations with respect to any deadlines in this matter must be made as soon as the cause for the extension becomes known to the party making the application and must be made in accordance with ¶ 1.E of the Court's Individual Practices. The application must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

5. The parties are required to make affirmative attempts to settle this matter. If the parties are unable to settle the case by such means, they are required to use mediation to assist

them in achieving settlement. Mediation may be undertaken by means of private mediation or Court-supervised mediation, which includes the Court's mediation program or potentially a conference before the undersigned. Within 7 days of the date of this Order, the parties are directed to contact each other in an attempt to reach agreement as to (a) which form of mediation will be employed and (b) approximately when, or at what stage of the case, the mediation should take place. Defendant shall write a letter to the undersigned within 14 days of the date of this Order to report on the outcome of these discussions.

6. In light of the issuance of this Order, the parties are not required to contact Chambers as stated in Docket # 31. If the parties believe, however, that an immediate conference would be helpful for any purpose, they are free to request a conference by letter.

SO ORDERED.

Dated: October 8, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge